UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| HEATHER WILLIAMS, | : |
| | : |
| Plaintiff, | : CIVIL ACTION |
| | : |
| vs. | : |
| | : No.:   22-cv |
| HARTFORD LIFE AND ACCIDENT | : |
| INSURANCE COMPANY | : |
| | : |
| Defendant. | : |

The Plaintiff, HEATHER WILLIAMS ("WILLIAMS"), by and through the undersigned counsel, hereby sues the Defendant, HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY ("HARTFORD") and alleges:

**PRELIMINARY ALLEGATIONS**

1. "Jurisdiction"- This action is brought under 29 U.S.C. §§ 1132(a), (e), (f) and (g) of the Employee Retirement Income Security Act of 1974 (hereinafter "ERISA") as it involves a claim by a Plaintiff for employee benefits under an employee benefit plan regulated and governed under ERISA. Jurisdiction is predicated under these code sections as well as 28 U.S.C. § 1331 as this action involves a federal question. This action is brought for the purpose of recovering benefits under the terms of an employee benefit plan, and to clarify Plaintiff's rights under the employee benefit plan administered and funded by the Defendant. Plaintiff seeks relief, including, but not limited to, payment of benefits, prejudgment and post judgment interest, reinstatement of plan benefits at issue herein, and attorney's fees and costs.

2. WILLIAMS was at all times relevant a plan participant under Cooch and Taylor, PA's (Cooch and Taylor) Long-Term Disability Plan (Group Policy No: 83126873 (hereinafter referred to as "the Plan").

3. Defendant, HARTFORD, is a Corporation with its principal place of business in the State of Connecticut and licensed to transaction business in the State of Delaware. Upon information and belief, THE HARTFORD'S principal mailing address for purposes of effectuating service of process is 200 Hopmeadow Street, Simsbury, CT 06089.

4. HARTFORD is the insurer of benefits under the Plan and acted in the capacity of a claims administrator. As the decision maker and payor of Plan benefits, HARTFORD administered the claim with a conflict of interest and the bias this created affected the claims determination.

5. The Plan is an employee welfare benefit plan regulated by ERISA, established by Cooch and Taylor. under which WILLIAMS was a participant, and pursuant to which WILLIAMS is entitled to long-term disability benefits. Pursuant to the terms and conditions of the Plan, WILLIAMS is entitled to disability benefits for the duration of the Plaintiff's long-term disability, for so long as WILLIAMS remains disabled as required under the terms and conditions of the Plan.

6. Venue is proper in this district under 29 USC 1132 (e)(2), in that HARTFORD is licensed to transact, and regularly conducts business within the State of Delaware. Moreover, at all times hereto WILLIAMS both lived and was employed within the State of Delaware.

## CLAIM FOR BENEFITS, ENFORCEMENT AND CLARIFICATION OF RIGHTS, PREJUDGMENT AND POSTJUDGMENT INTEREST AND ATTORNEYS' FEES AND COST PURSUANT TO 29 U.S.C. § 1132(a)(1)(B)

7. WILLIAMS incorporates by reference all preceding paragraphs as though fully set forth herein.

8. At all times relevant, WILLIAMS was an employee or former employee of Cooch and Taylor, and a plan participant under the terms and conditions of the Plan.

9. During the course of WILLIAMS's employment, WILLIAMS became entitled to benefits under the terms and conditions of the Plan. Specifically, while WILLIAMS was covered under the Plan, she suffered a physical disability as a result of Sickness, the nature of which, due to privacy, is detailed within the administrative record, rendering her disabled as defined under the terms of the Plan.

10. As it relates to WILLIAMS's current claim for benefits, the long-term disability coverage portion of the LTD Plan defines disability as follow:

> *"Disability" means that ... after the Monthly Benefit has been payable for 24 months, "Disability" means that Injury or Sickness causes physical or mental impairment to such a degree of severity that You are:*
>
> 1. *Continuously unable to engage in any occupation for which You are or become qualified by education, training or experience; and*
>
> 2. *Not working for wages in any occupation for which You are or become qualified by education training or experience.*

11. Due to restrictions and limitations arising from a physical "sickness", resulting in total disability, WILLIAMS made a claim to HARTFORD for benefits under the LTD Plan with a disability onset date of February 10, 2011.

12. Via letter dated April 11, 2021, HARTFORD initially notified WILLIAMS that it was cutting off her claim for long-term disability benefits as of April 12, 2021.

3

13. WILLIAMS timely submitted her appeal of HARTFORD's adverse benefit determinations.

14. Via letter dated March 4, 2022, HARTFORD notified WILLIAMS that it was denying her appeal for long-term disability benefits and thus informing WILLIAMS that she has exhausted her administrative remedies under the Plans.

15. WILLIAMS has fully complied with filing all mandatory administrative appeals required under the Plan, by exercising an administrative appeal of her long-term disability and claim.

16. HARTFORD breached the Plan and violated ERISA in the following respects:

   a. Failing to pay long-term disability benefits to WILLIAMS at a time when HARTFORD and the Plan Administrator knew, or should have known, that Plaintiff was entitled to those benefits under the terms of the Plan, as WILLIAMS was disabled and unable to work and therefore entitled to benefits.

   b. After WILLIAMS's claim was denied in whole or in part, HARTFORD failed to adequately describe to WILLIAMS any additional material or information necessary for WILLIAMS to perfect her claim along with an explanation of why such material is or was necessary.

   c. HARTFORD failed to properly and adequately investigate the merits of WILLIAMS's disability claim and failed to provide a full and fair review of WILLIAMS's claim.

17. WILLIAMS believes and alleges that HARTFORD wrongfully denied her claim for long-term disability benefits under the applicable Plan, by other acts or omissions of

4

which WILLIAMS is presently unaware, but which may be discovered in this future litigation and which WILLIAMS will immediately make HARTFORD aware of once said acts or omissions are discovered by WILLIAMS.

18. As a proximate result of the aforementioned wrongful conduct of HARTFORD under the Plan, WILLIAMS has damages for loss of disability benefits which continues through the present and is anticipated to continue into the foreseeable future.

19. As a further direct and proximate result of this improper determination regarding WILLIAMS's claim for benefits, WILLIAMS, in pursuing this action, has been required to incur attorney's costs and fees. Pursuant to 29 U.S.C. § 1132(g)(1), WILLIAMS is entitled to have such fees and costs paid by HARTFORD.

20. The wrongful conduct of HARTFORD has created uncertainty where none should exist; therefore, WILLIAMS is entitled to enforce her rights under the terms of the Plans and to clarify her right to future benefits under the Plan.

### REQUEST FOR RELIEF

WHEREFORE, HEATHER WILLIAMS prays for relief against HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY as follows:

1. Payment of long-term disability benefits due Plaintiff:

2. An order declaring that Plaintiff is entitled to immediate reinstatement to the Plan, with all ancillary benefits to which she is entitled by virtue of her disability, and that benefits are to continue to be paid under the Plan for so long as Plaintiff remains disabled under the terms of the Plan;

3. In the alternative to the relief sought in paragraphs 1 and 2, an order

remanding Plaintiff's claim to the claims administrator to the extent any new facts or submissions are to be considered;

      4.     Pursuant to 29 U.S.C. § 1132(g), payment of all costs and attorneys' fees incurred in pursuing this action;

      5.     Payment of prejudgment and post judgment interest as allowed for under ERISA; and

      6.     Such other and further relief as this Court deems just and proper.

Respectfully Submitted,

ROSEN MOSS SNYDER LLP

*Marc H. Snyder*
Marc H. Snyder, Esquire
Attorneys for Plaintiff,
Heather Williams